James E. Till (SBN 200464)
TILL LAW GROUP
120 Newport Center Drive
Newport Beach, CA  92660
Tel.: (949) 524-4999
Email: james.till@till-lawgroup.com

Attorneys for Hickam Harbor LLC,
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>HICKAM HARBOR LLC,<br><br>               Debtor and<br>               Debtor in Possession.<br><br>HICKAM HARBOR LLC,<br><br>               Plaintiff,<br><br>v.<br><br>LA LIVE PROPERTIES, LLC.<br><br>               Defendant. | Case No. 2:23-bk-15131-WB<br><br>Chapter 11<br><br>Subchapter V<br><br>Adv. No. 2:24-ap-_____-WB<br><br>**COMPLAINT:**<br>    1. **TO AVOID AND RECOVER PREFERENTIAL TRANSFER(S);**<br>    2. **TO AVOID AND RECOVER TRANSFER(S) UNDER STRONG ARM POWERS;**<br>    3. **FOR INJUNCTIVE AND EQUITABLE RELIEF;**<br>    4. **FOR DECLARATORY RELIEF;**<br>    5. **TO DETERMINE THE EXTENT AND VALIDITY OF LIEN(S); AND**<br>    6. **TO DISALLOW CLAIM(S) AS SECURED CLAIMS** |

Plaintiff Hickam Harbor LLC, debtor and debtor-in-possession ("Plaintiff" or "Debtor"), in the above-captioned chapter 11 case (the "Case"), brings this action to avoid certain preferential and other avoidable transfers to defendant and judgment creditor LA Live Properties, LLC ("Defendant Landlord").

Plaintiff's claims for relief arise under title 11 of the United States Code (the "Bankruptcy Code") and are related to the Case pending in the United States Bankruptcy Court for the Central District of California. The acts and omissions complained of herein took place in the State of California, County of Los Angeles.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). This action is brought pursuant to Rules 7001 and 7015 of the Federal Rules of Bankruptcy Procedure. The statutory predicates for the relief asserted herein are 11 U.S.C. §§ 105, 362, 502, 544, 545, 547, 550, 551, and 1107.

2. Venue is proper as provided in 28 U.S.C. § 1409.

3. This is a core proceeding under 28 U.S.C. § 157(b).

4. Plaintiff consents to the entry of final orders and judgment by the Court. If this adversary proceeding is determined to be "noncore," Plaintiff consents to the entry of final orders or judgments by the Bankruptcy Court.

**THE NATURE OF THIS ADVERSARY PROCEEDING**

5. This adversary is an action taken against a party that—in law and in fact—is an unsecured creditor. Yet that party, the Defendant Landlord, refuses to concede that it does not have a valid lien legally because its lien arose within 90 days of the bankruptcy petition.

6. The Defendant Landlord also refuses to concede that even if its alleged lien is valid, there is no Debtor real property in California against which its alleged lien attaches.

7. Essentially, the Defendant Landlord is a *phantom* secured creditor who is using its alleged secured creditor status to bully the Debtor throughout these valid Chapter 11 proceedings.

**PARTIES**

8. Plaintiff is a Hawaii limited liability company operating as a debtor-in-possession under subchapter V of the Bankruptcy Code.

9. The Defendant Landlord is a Delaware limited liability company and the Debtor's judgment creditor with respect to the Judgment (as defined below).

**FACTUAL ALLEGATIONS**

10. On March 1, 2023, the Los Angeles County Superior Court (the "State Court"), within Case No. 22STCV29227 (the "State Court Action"), entered a default judgment against the Debtor in favor of the Defendant Landlord (the "Judgment").

11. On May 22, 2023, the State Court issued an Abstract of Judgment (the "Abstract") against, among others, the Debtor.

12. On May 30, 2023, the Defendant Landlord caused an abstract of the Judgment to be recorded in the Los Angeles County Registrar-Recorder/County Clerk (the "Abstract"). By filing the Abstract, a recorded lien arose against the Debtor's real property (if any) (the "Real Property"). That lien is defined as the "Abstract Lien." A true and correct copy of what is believed to be the recorded Abstract is attached as part of proof of claim no. 10 (defined below as the Claim).

13. At the time of recordation of the Abstract, and through and including the Petition Date, the Debtor did not own any Real Property in Los Angeles County, California, in the State of California, or any state of the United States

14. On August 10, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under Title 11 of the Bankruptcy Code (the "Case"). [*See* Docket No. 1].

15. On October 12, 2023, the Defendant Landlord filed claim no. 10 (the "Claim") in the Case in the amount of $622,174.31. The Claim asserts that it is a secured claim.

16. A subchapter V trustee, Susan K. Seflin, Esq., was appointed. [*See* Docket No. 8.]

17. The Abstract and the Abstract Lien are both related to and arise out of the Judgment.

### FIRST CLAIM FOR RELIEF

### (For Avoidance of Preferential Transfer)

### 11 U.S.C. §§ 547, 550, 551

18. Plaintiff incorporates by reference paragraphs 1 through 17 as if fully set forth for this first cause of action.

19. The recording of the Abstract and the Abstract Lien each separately constitute a transfer of Debtor's property, for the benefit of the Defendant Landlord, for or on account of an antecedent debt owed by Debtor arising out of the State Court Action.

20. The Abstract in favor of the Defendant Landlord was recorded, and thereby created the Abstract Lien, during the period commencing ninety (90) days prior to the Petition Date and concluding on the Petition Date, (the "Preference Period").

21. The Debtor was statutorily presumed insolvent during the Preference Period.

22. Debtor was actually insolvent during the Preference Period.

23. The Abstract was recorded against the Debtor, and the Abstract Lien was created against the Real Property (if any), while the Debtor was presumed insolvent and actually insolvent.

24. The recording of the Abstract and the creation of the Abstract Lien (if any) each enables the Defendant Landlord to receive, or assert the right to receive, more than the Defendant Landlord would otherwise receive if (a) Debtor's case were a case under Chapter 7 of the Bankruptcy Code; (b) the Abstract had not been recorded, the Abstract Lien (if any) had

not been created; and (c) the Defendant Landlord received the value or payment of the debt (to the extent provided under the Bankruptcy Code).

25. By reason of the foregoing, each of the recording of the Abstract, and the Abstract Lien, constitute avoidable preferential transfers under 11 U.S.C. § 547, and the Abstract Lien can and should be avoided and any Property recovered for the estate pursuant to 11 U.S.C. §§ 550 and 551.

## SECOND CLAIM FOR RELIEF

### (For Avoidance with Strong Arm Powers)

### 11 U.S.C. §§ 544, 545, 550, 551

26. Plaintiff incorporates by reference paragraphs 1 through 25 as if fully set forth for this second cause of action.

27. The Abstract Lien, if any, became effective against the Debtor after the Debtor was presumed insolvent.

28. The Abstract Lien, if any, became effective against the Debtor after the Debtor was actually insolvent.

29. The Abstract Lien was not perfected or enforceable at the time of the commencement of the Case against a bona fide purchaser that purchases such property at the time of the commencement of the Case.

30. By reason of the foregoing, the recording of the Abstract and creation of the Abstract Lien constitute avoidable transfers under 11 U.S.C. §§ 545, and that lien can and should be avoided, and any Property recovered for the estate pursuant to 11 U.S.C. §§ 550 and 551.

31. By reason of the foregoing, the recording of the Abstract and the Abstract Lien each constitute avoidable transfers under 11 U.S.C. §§ 544, to the extent that the Abstract Lien is a statutory lien, and such lien can and should be avoided and any Property recovered for the estate pursuant to 11 U.S.C. §§ 550 and 551.

**THIRD CLAIM FOR RELIEF**

**(For Disallowance of the Claim as a Secured Claim 11 U.S.C. § 502)**

32.Plaintiff incorporates by reference paragraphs 1 through 31 as if fully set forth for this third cause of action.

33.The Defendant Landlord received an avoidable transfer under 11 U.S.C. §§ 544, 545, and 547.

34.The Defendant Landlord has not released the Abstract Lien recorded against the Real Property or turned over Property for which the Defendant Landlord is liable under 11 U.S.C. §§ 522(i), 542, 543, 550 or 553 of the Bankruptcy Code.

35.Pursuant to 11 U.S.C. § 502(d), the Claim should be disallowed as a secured claim in its entirety.

**FOURTH CLAIM FOR RELIEF**

**(Determination of Validity, Priority, and Extent of Lien Fed. R. Bankr. P. 7001(2))**

36.Plaintiff incorporates by reference paragraphs 1 through 35 as if fully set forth for this fourth cause of action.

37.In the event that this Court determines that the Defendant Landlord's lien(s)—if any actually exist—against Real Property should not be avoided and recovered for the benefit of the estate, Plaintiff requests that this Court determine the validity, priority and amount of any lien of the Defendant Landlord, for the benefit of the estate.

**FIFTH CLAIM FOR RELIEF**

**(For Injunctive Relief (or other equitable relief) and Imposition of the Automatic Stay 11 U.S.C. §§ 105(a) and 362, and Fed. R. Bankr. P. 7001(7))**

38.Plaintiff incorporates by reference paragraphs 1 through 37 as if fully set forth for this fifth cause of action.

39.The Abstract was improperly recorded against Real Property, which is a cloud against the Debtor's estate that interferes with Debtor's ability to reorganize.

40. Wherefore, Plaintiff is entitled to injunctive or other equitable relief and imposition of the automatic stay to prevent the Defendant Landlord from asserting any claims based on the Abstract and the Abstract Lien.

### SIXTH CLAIM FOR RELIEF

**(For Declaratory Relief Fed. R. Bankr. P. 7001(9))**

41. Plaintiff hereby incorporates by reference paragraphs 1 through 40, inclusive as if fully set forth herein.

42. A present and actual controversy exists between Plaintiff and the Defendant Landlord regarding the recording of the Abstract and the creation of the Abstract Lien.

43. The Defendant Landlord has failed and refused to release the Abstract Lien recorded against Real Property, although a demand was made to the Defendant Landlord to do so.

44. As a result of the Defendant Landlord's willful failure to release the Abstract and Abstract Lien, Plaintiff has been damaged in an amount to be proven at trial.

45. Wherefore, Plaintiff requests the intervention of this Court and entry of appropriate declaratory relief declaring (i) the Plaintiff's rights, (ii) the nature, validity, priority, and extent of any lien(s) the Defendant Landlord has against property of the Debtor's estate, and (iii) the obligations of the Defendant Landlord.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant Landlord as follows:

A. On the first cause of action, that the Abstract Lien be avoided as a preferential transfer, and property recovered and preserved for the benefit of the estate as necessary;

B. On the second cause of action, that the Abstract Lien on the Debtor's Real Property be avoided, and property recovered and preserved for the benefit of the estate as necessary;

C. On the third cause of action, the Claim be disallowed as a secured claim in its entirety;

D. On the fourth cause of action, that the Court make a determination as to the validity, priority, and extent of any lien(s) remaining of the Defendant Landlord;

E. On the fifth cause of action, that the Court issue injunctive or other equitable relief to prevent the Defendant Landlord from making any secured claims based on the Abstract Lien;

F. On the sixth cause of action, that the Court issue appropriate declaratory relief to effectuate the injunctive or equitable relief, or as to the impropriety, avoidance, and recovery of any lien(s) of the Defendant Landlord as to Real Property (including the Abstract Lien);

G. On all causes of action, that the Plaintiff be awarded costs and fees incurred in connection with this action, including attorneys' fees; and

H. For such other and further relief as this Court deems just and proper.

Dated: March 12, 2024

Respectfully submitted,

TILL LAW GROUP

By: /s/ *James E. Till*
James E. Till, Esq.

Attorneys for Debtor and Debtor-in-Possession, Hickam Harbor LLC

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>HICKAM HARBOR LLC | **DEFENDANTS**<br>LA LIVE PROPERTIES, LLC |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>TILL LAW GROUP<br>120 Newport Center Dr.<br>Newport Beach, CA 92660<br>(949) 524-4999 | **ATTORNEYS** (If Known)<br>HOGAN LOVELLS<br>1999 Avenue of the Stars, Ste 1400<br>Los Angeles, CA 90067<br>(310) 785-4600 |
| **PARTY** (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**To avoid and recovery preferential transfer under 11 U.S.C. sections 547, 544, 545, 550, 551, 105, 362 and 1107**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[2] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[5] 71-Injunctive relief – imposition of stay
[4] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[3] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ **0** |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**HICKAM HARBOR LLC** | BANKRUPTCY CASE NO.<br>**2:23-bk-15131-WB** | |
| DISTRICT IN WHICH CASE IS PENDING<br>**Central District of California** | DIVISION OFFICE<br>**Los Angeles** | NAME OF JUDGE<br>**Hon. Julia W. Brand** |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ James E. Till* | | |
| DATE<br>**March 12, 2024** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**James E. Till** | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.